UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BUTTREY,

Plaintiff,

v.

CASE NO. 8:25-cv-02161-SDM-SPF

CITY OF WINTER HAVEN, et al,

Defendants,

____________________________________/

**ORDER**

Proceeding *pro se* and alleging false arrest and excessive force under 42 U.S.C. § 1983 and common-law malicious prosecution, Robert Buttrey sues (Doc. 41) the City of Winter Haven (the city), Officer A. Rosario (the officer), and Sergeant Maldonado (the sergeant). The defendants move (Docs. 55 and 56) to dismiss, and the plaintiff responds (Docs. 58 and 59) in opposition.

**FACTUAL ALLEGATIONS**

On May 16, 2025, the officer stopped a vehicle driven by the plaintiff's co-worker. (Doc. 41 ¶¶ 8–9) After speaking to the driver, the officer commanded the plaintiff, who was seated in the front passenger seat, to produce identification. (Doc. 41 ¶ 10) After the plaintiff declined, the officer stated, "If you don't ID right now, I am dragging you out of this car and arresting you for resisting without violence." (Doc. 41 ¶ 12) When the plaintiff attempted to use his phone to "seek advice," the officer drew a Taser, pointed the Taser at the

plaintiff, and commanded the plaintiff to exit the vehicle. (Doc. 41 ¶ 13) The officer arrested the plaintiff for resisting an officer without violence. (Doc. 41 ¶ 14)

**DISCUSSION**

Qualified immunity shields from civil liability a public official acting within the official's discretionary authority unless the official violates a statutory or constitutional right clearly established at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). As the plaintiff concedes, the officer was acting within his discretionary authority.[1] *See Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (confirming that an arrest during a traffic stop falls within an officer's discretionary authority). Also, the plaintiff fails to allege the violation of a clearly established statutory or constitutional right.

In *Johnson v. Nocco*, a deputy stopped a vehicle and arrested a passenger who declined to produce identification. 91 F.4th 1114, 1116–17 (11th Cir.), *cert. denied sub nom. Johnson v. Dunn*, 145 S. Ct. 284 (2024). *Johnson* holds (1) that no authority clearly establishes that an officer conducting a lawful traffic stop cannot demand a passenger's identification and (2) that an officer possesses at least arguable probable cause to arrest a passenger who refuses.

---

[1] The plaintiff states that "[a]t all times material hereto," both the officer and the sergeant was "acting under color of law and within the scope of their employment." (Doc. 41 ¶¶ 6–7)

*Johnson*, 91 F.4th at 1125. Similarly, *Hall v. McGhee* confirms that no clearly established authority prohibits an officer's pointing a Taser. 762 F. App'x 837, 845 (11th Cir. 2019) ("We have found no controlling caselaw in this circuit that would have put [the officer] on notice that pointing, pressing, and threatening the use of a taser is excessive force under the Fourth Amendment."). The officer enjoys qualified immunity on the false-arrest and excessive-force claims.

Also, no Section 1983 liability attaches to the sergeant or the city. Because Section 1983 imposes no vicarious liability, a supervisor answers for a subordinate's conduct only if (1) the supervisor personally participates in the challenged conduct or (2) a causal connection links the supervisor's action to the alleged violation. *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023). But the amended complaint nowhere mentions the sergeant, at the stop or elsewhere. Moreover, because the officer violated no right of the plaintiff, no violation exists to impute to the sergeant. *Gish v. Thomas*, 516 F.3d 952, 955 (11th Cir. 2008) ("[T]here can be no policy-based liability or supervisory liability when there is no underlying constitutional violation."). Similarly, the city answers under Section 1983 only if a municipal policy or custom causes the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The amended complaint identifies no municipal policy and no custom, and, again, no underlying violation exists to attribute to the city. *Gish*, 516 F.3d at 955.

Finally, the malicious-prosecution claim fails. Malice is an element of malicious prosecution under Florida law. *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217, 1218 (Fla. 1986). Also, Section 768.28(9)(a), Florida Statutes, shields an officer from personal liability in tort unless the officer acts "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." A conclusory allegation of malice neither pleads the element nor overcomes the statutory immunity. *Brivik v. Law*, 545 F. App'x 804, 806 (11th Cir. 2013) (holding a conclusory allegation of malice insufficient to overcome Section 768.28(9)(a) immunity); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1365 (S.D. Fla. 2016) (equating the statute's "bad faith" with the actual-malice standard). Apart from the conclusory assertion that the defendants acted with malice, the amended complaint alleges no fact suggesting malice. *See Eiras v. Fla.*, 239 F. Supp. 3d 1331, 1344–45 (M.D. Fla. 2017) (holding an allegation of an arrest "without probable cause and in the absence of lawful authority" insufficient to overcome Section 768.28(9)(a) immunity).

**CONCLUSION**

The motions to dismiss are **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**. No later than **AUGUST 14, 2026**, the plaintiff may amend the complaint.

## A CAUTION TO THE PLAINTIFF

Litigation in federal court is difficult, especially against the government, and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action. Therefore, the plaintiff is strongly advised to obtain legal advice and assistance — preferably full representation — from a member of The Florida Bar.

To the extent he intends to continue to represent himself in this action, the plaintiff should familiarize himself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/local-rules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, the plaintiff can consult the "Litigants Without Lawyers" guide at https://www.flmd.uscourts.gov/litigants-without-lawyers.

**ORDERED** in Tampa, Florida, on July 24, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE